```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THERESA D'JAMOOS, as Executrix:     CIVIL ACTION
of the Estate of Dawn          :
Elizabeth Weingeroff, et al.   :
                               :
                               :
v.                             :
                               :    NO. 07-1153
                               :    CONSOLIDATED ACTION
PILATUS AIRCRAFT LTD., et al. :
```

MEMORANDUM

McLaughlin, J.                                     October 1, 2009

This case was brought by the executors of the estates of five passengers and a pilot killed in a plane crash in Pennsylvania. The plane crashed while making a planned stop in State College, PA, en route from Florida to Rhode Island. One of the defendants is Pilatus Aircraft Ltd. (Pilatus), a Swiss corporation that manufactured and distributed the plane. The plaintiffs asserted claims against Pilatus and several other manufacturer defendants (the non-Pilatus defendants) for products liability, negligence and breach of warranty.

On April 30, 2008, the Court granted defendant Pilatus's motion to dismiss it as a defendant for lack of personal jurisdiction. See D'Jamoos v. Pilatus Aircraft Ltd., No. 07-1153, 2998 WL 1902193 (E.D.Pa. Apr. 30, 2008). In the same Memorandum and Order, the Court also denied the plaintiffs'

request to transfer the action to the United States District Court of Colorado pursuant to 28 U.S.C. § 1631.[1]

On appeal, the United States Court of Appeals for the Third Circuit affirmed the Court's determination that there was no personal jurisdiction over Pilatus in this district. On the issue of transfer, however, the Court of Appeals was "satisfied that the record demonstrates that [the plaintiffs] have established a prima facie basis for a conclusion that a Colorado court may exercise general jurisdiction over Pilatus predicated on its direct contacts within Colorado or, alternatively, on the conduct of [Colorado-based subsidiary, Pilatus Business Aircraft, Ltd. (PilBAL)] as its agent." D'Jamoos v. Pilatus Aircraft, Ltd., 566 F.3d 94, 107 (3d Cir. 2009). The Court of Appeals found that the "undisputed jurisdictional facts amount to a prima facie showing that Colorado could exercise general jurisdiction over Pilatus," which "satisfies section 1631's requirement that the case 'could have been brought' in the District of Colorado." Id. at 109.

Such a conclusion, however, "only partially satisfies the requirements for a transfer under section 1631," and the

---

[1] Section 1631 provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."

Court of Appeals then directed the Court to consider on remand whether such a transfer would be "in the interest of justice." Id. at 110.  Within that question, the Court is to consider whether the claims against the non-Pilatus defendants should be severed in order to permit the transfer of Pilatus's claims.  Id. at 110.  On this issue, the Court is instructed to "weigh the factors favoring transfer against the potential inefficiency of requiring the similar and overlapping issues to be litigated in two separate forums."  Id. at 111.

The plaintiffs are considering filing for a writ of certiorari to the Supreme Court for review of the Court of Appeals' decision.  On July 23, 2009, they filed a motion to extend the time to file such a petition to October 22, 2009.  See Pilatus's Opp'n, Exhibit E.  That motion was granted on July 31, 2009.  The plaintiffs also filed a parallel lawsuit against Pilatus on March 21, 2008, in the District of New Hampshire. Atlas Aircraft Center, Ltd. (Atlas), the aircraft's servicer, is also a defendant in the New Hampshire action.  Pilatus has filed a motion to dismiss that action on the ground of lack of personal jurisdiction.  Pilatus was to file its reply brief on September 9, 2009.

The plaintiffs have stated that they would prefer to litigate their lawsuit against Pilatus in the Eastern District of Pennsylvania.  Their second choice of venue is the District of

New Hampshire, and their third choice is Colorado. Because of their stated preference, the plaintiffs asked this Court to withhold a decision on the question remanded by the Court of Appeals until the District Court in New Hampshire decides the motion to dismiss. See Pl.'s Br. at 3.

The Court is reluctant to delay this decision until then. Although the Court finds below that the plaintiffs have done nothing wrong in filing a protective lawsuit in New Hampshire while requesting transfer to Colorado, it would be inappropriate to allow the plaintiffs to dictate to the Court when it should decide a question remanded to it by the Court of Appeals. In addition, the non-Pilatus defendants are entitled to know whether the Court will sever the claims against them from those against Pilatus. The Court, therefore, will decide whether transfer to Colorado is appropriate.

In their briefs, both parties apply the legal standard used by the First Circuit in their decision in Britell v. United States, 318 F.3d 70 (1st Cir. 2003), when analyzing this question. Britell concerned the transfer of a party's mistaken appeal to the First Circuit when the Federal Circuit had exclusive jurisdiction over the case. The petitioners moved to transfer the appeal from the First Circuit to the Federal Circuit under § 1631. The respondent opposed that transfer and asked the

4

court to dismiss the appeal outright.  The <u>Britell</u> court granted the petitioner's motion to transfer under the transfer statute.

In its analysis of that statute, the First Circuit concluded that § 1631's language creates a rebuttable presumption in favor of transfer and that "transfer, rather than dismissal, is the option of choice." <u>Id.</u> at 74.  The court reasoned that this presumption serves the purposes for which Congress created the statute.  First, the statute serves to protect litigants against "statutory imprecision and lawyers' errors." <u>Id.</u> Second, the statute eliminates the incentive for wasteful double filing.  Finally, the statute furthers "the salutary policy favoring the resolution of cases on the merits." <u>Id.</u>  Transfer is therefore "presumptively preferable because the dismissal of an action or appeal that might thrive elsewhere is not only resource-wasting but also justice-defeating." <u>Id.</u>

Applying that standard to this case, the presumption for transfer is not overcome.  Despite Pilatus's protestations to the contrary, transfer in this case serves at least one of the purposes for which § 1631 was created.  Although it is true that this is not a case of rectifying a mere "inadvertent filing error," Pilatus Opp'n at 2, it does serve "the salutary policy favoring the resolution of cases on the merits" to send the case to Colorado, where the Court of Appeals has found there is prima

facie evidence that a court has general jurisdiction over Pilatus.

The <u>Britell</u> court, however, provided three scenarios in which the presumptive preference for transfer could be rebutted. First, transfer is not warranted if the transfer would unfairly benefit the proponent. Second, justice would not be served if transfer would impose an unwarranted hardship on an objector. And finally, transfer would not be appropriate if transfer in a particular case would unduly burden the judicial system. <u>Id.</u>

Under the first of these factors, unfair benefit to the plaintiff, the plaintiffs' benefit in transfer is no more than the ability to try their case against the party that they claim is the "primary defendant in this product liability action." Pl.'s Br. at 7. The applicable statute of limitations has expired on all of the plaintiffs claims against Pilatus. If this motion were to be denied and the New Hampshire court were to find that it lacks jurisdiction over Pilatus, the plaintiffs' claims against Pilatus would be lost. Like the petitioners in <u>Britell</u>, then, the plaintiffs "had nothing to gain-and much to lose-by filing [their claims] in the wrong court." <u>Britell</u>, 318 F.3d at 75. Transfer to Colorado provides the plaintiffs with the benefit of having its day in court, a benefit that can hardly be deemed "unfair."

Nor would there be an unwarranted hardship to Pilatus. The only hardship Pilatus claims is the cost of having had to defend its case in more than one court. See Pilatus's Opp'n at 9-10. It is irrelevant to this analysis that the case was originally brought in the wrong court or courts. In fact, that is the very defect that § 1631 was enacted to correct. There is no showing that the plaintiffs have filed any of their claims in bad faith. The plaintiffs state that they "filed their action in Pennsylvania believing, in good faith, that specific jurisdiction existed over Pilatus in Pennsylvania." See Pl.'s Reply at 6. The costs of litigation in Colorado do not amount to an unwarranted hardship to Pilatus. They are the result of a "judicial system that often provides multiple forums for plaintiffs to bring their claims." Id. at 9 n.2.

Finally, although the plaintiffs and the Court recognize "a measure of inefficiency" in litigating this case in the district courts of as many as three states, it may very well be that, as plaintiffs put it, "this litigation was destined to be divided in multiple forums through no fault of any party." Pl.'s Br. at 9-10. Transfer, therefore, will not unduly burden the judicial system.

The next question is whether the Court should sever the claims against Pilatus from the claims against the remaining defendants under Federal Rule of Civil Procedure 21. When

7

deciding whether to sever a claim under Rule 21, a court should balance "several considerations, including the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation." <u>Official Comm. of Unsecured Creditors v. Shapiro</u>, 190 F.R.D. 352, 355 (E.D.Pa. 2000) (internal quotations omitted).

Those factors all point to severance in this case. The non-Pilatus defendants will not be prejudiced by transfer. There is no showing that the presence of Pilatus is essential to the non-Pilatus defendants' ability to defend themselves from the plaintiffs' specific claims against them. As with any complex litigation, the courts involved will coordinate discovery to ensure that wasteful duplication is avoided, easing any concerns about cost or inefficiency. And, should the non-Pilatus defendants feel that it is essential that their case be tried in conjunction with Pilatus, they could submit to the jurisdiction of the district court in Colorado.

Nor is there prejudice to Pilatus. Pilatus makes no claim that presence of the non-Pilatus defendants is essential to its defense. <u>See</u> <u>Subelt Corp. v. Noble, Denton & Assoc.</u>, 5 F.3d 28, 33-34 (3d Cir. 1993) (maintaining that a court "should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two

8

places"). Finally, denying the motion to sever would prejudice the plaintiffs, for all of the reasons discussed above.

For the reasons stated herein, the plaintiffs' request that the claims against Pilatus Aircraft, Ltd., be severed and transferred to a Federal District Court in Colorado is granted.

An appropriate Order shall issue separately.